87 F.3d 1326
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Richard WHITE, Plaintiff-Appellant,
v.
Marc RACICOT, Governor; State of Montana; Lou Aleksich,
Jr., Clerk of Court; Paul G. Hatfield, United
States District Court Presiding Judge;
United States District Court,
Defendants-Appellees.
 No. 95-35791.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph White appeals pro se the district court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(d). White sought a court order compelling the Governor of Montana, Marc Racicot, to grant clemency to death row prisoner Duncan McKenzie. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's sua sponte dismissal of White's complaint pursuant to 28 U.S.C. § 1915(d), prior to service of process, for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). The district court may dismiss an in forma pauperis complaint if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. A claim based upon an "indisputably meritless legal theory" may be dismissed as frivolous. See Denton, 504 U.S. at 32.
 
 
 4
 Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam).
 
 
 5
 Here, White alleged in his complaint that Governor Racicot failed to grant clemency from execution of the death penalty to death-row prisoner Duncan McKenzie after White requested that clemency be granted. Because White's allegations do not have an arguable basis in law, White's claim is frivolous. See Neitzke, 490 U.S. at 325. Additionally, because it is clear that no amendment would have enabled White to allege a constitutional violation, the district court did not abuse its discretion by dismissing his complaint without providing White with the opportunity to amend. See Lucas, 66 F.3d at 248.
 
 
 6
 Accordingly, we affirm the district court's dismissal of White's action as frivolous. See Neitzke, 490 U.S. at 325. The motion entitled "Motion re-affirming motion for record" is denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3